UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE BROWNE,<br><br>             Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>             Defendant. | Case No. C15-1661-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Mike Browne seeks review of the denial of his Supplemental Security Income application. He contends the ALJ erred by improperly evaluating the opinions of Ellen Lind, Ph.D.; Kevin Zvilna, Ph.D.; Jack Aguirre, LMFT and Bridgette Cantrell, Ph.D.; and by failing to meet his burden at step five of the five-step evaluation process. Dkt. 13. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Mr. Browne is currently 56 years old, has a GED, and has worked as a computer technician and sawmill laborer. Tr. 31, 199. On January 24, 2012, he applied for benefits, alleging disability as of March 1, 2007. Tr. 14. His application was denied initially and on

REPORT AND RECOMMENDATION - 1

reconsideration. *Id.* The ALJ conducted a hearing on April 15, 2014, and found Mr. Browne not disabled. Tr. 32.

Utilizing the five-step disability evaluation process,[1] the ALJ found Mr. Browne had not engaged in substantial gainful activity since his alleged onset date of January 24, 2012; and that he had severe impairments of cognitive disorder not otherwise specified (NOS), depression disorder NOS, and anxiety disorder NOS. Tr. 16. The ALJ found Mr. Browne had the residual function capacity (RFC) to perform medium work, except he could only occasionally balance, stoop, crouch, or climb; he could perform unskilled, repetitive, and routine work; he could tolerate occasional contact with supervisors, coworkers, and the public; and due to psychological symptoms, he would be off task five percent of his work shifts. Tr. 21. The ALJ found Mr. Browne could not perform any of his past relevant work; nevertheless, he found there are jobs that exist in significant numbers in the national economy that Mr. Browne could perform. Tr. 31. As the Appeals Council denied Mr. Browne's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## DISCUSSION

**A.     The Erred In Evaluating the Medical Opinion of Dr. Ellen Lind**

When a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1988). Where a treating or examining doctor's opinion is contradicted by that of another doctor, it may not be rejected without "specific and legitimate reasons based on substantial evidence in the record." *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). The Court may set aside the ALJ's decision if the ALJ's findings are based on legal error or are not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Mr. Browne challenges the ALJ's treatment of three medical opinions. The Court evaluates each of these in turn.

**1.      Ellen Lind, Ph.D.**

The ALJ accepted portions of treating doctor Ellen Lind's January 2014 evaluation indicating Mr. Browne was unimpaired, but rejected it to the extent it found Mr. Browne had marked to severe limitations in his abilities to learn new tasks, to adapt to changes in a routine work setting, or to complete a normal workday without psychological interruption. Tr. 31 (citing Tr. 621).[2] The ALJ rejected these opinions because they were "inconsistent with the claimant's evidence of record, summarized earlier in the discussion of the 'paragraph B' criteria."[3] Tr. 31. Mr. Browne contends this reasoning was "overly broad," and argues other records or portions of records not discussed by the ALJ support a finding of disability. Dkt. 13 at 6-12.

The Court agrees with Mr. Browne that the ALJ's conclusion that Dr. Lind's opinions were "inconsistent with the claimant's evidence of record" is not sufficient to reject them. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions . . . are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed

---

[2] Mr. Browne discusses three evaluations by Dr. Lind "because they establish the long-lasting nature of his mental impairments," Dkt. 13 at 4, but for purposes of this appeal, addresses only the rejection of Dr. Lind's 2014 opinion "since it addresses the relevant period," *Id.* at 6. The Court thus examines the ALJ's rejection of Dr. Lind's 2014 opinion only.

[3] A claimant meets the paragraph B criteria by satisfying at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04 -.06. In evaluating whether Mr. Browne met the paragraph B criteria of Listings 12.04 and 12.06, or paragraph D of Listing 12.05, the ALJ found Mr. Browne had only mild restriction in activities of daily living; moderate difficulties in social functioning; moderate difficulties with regard to concentration, persistence, or pace; and no episodes of decompensation. Tr. 18-21.

REPORT AND RECOMMENDATION - 3

seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). The ALJ failed to explain how his findings in his discussion of the paragraph B criteria formed the basis for rejecting Dr. Lind's opinions: beyond simply referring to earlier findings in his decision, there is no discussion specifically linking Dr. Lind's opinions that Mr. Browne had marked to severe limitations in his abilities to learn new tasks, to adapt to changes in a routine work setting, or to complete a normal workday without psychological interruption, to Mr. Browne's activities of daily living; social functioning; concentration, persistence, or pace; or episodes of decompensation.

The Court "require[s] the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "Long-standing principles of administrative law require [this Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009). The ALJ's reasoning was neither clear and convincing, nor specific and legitimate, and this was legal error.[4] Accordingly, on remand, the ALJ shall reevaluate Dr. Lind's January 2014 opinions.

   2.   *Kevin Zvilna, Ph.D.*

The ALJ rejected Dr. Zvilna's November 2011 opinions that Mr. Browne's depression and anxiety precluded working and that Mr. Browne had "severe inattention and concentration

---

[4] Having found the ALJ erred by simply referring to his paragraph B criteria discussion, the Court need not address Mr. Browne's arguments concerning the substance of that discussion. *See* Dkt. 13 at 6-12 (citing Tr. 18-21).

REPORT AND RECOMMENDATION - 4

issues that are not managed adequately" because the opinions were "inconsistent with the claimant's work history, other activities, and longitudinal psychological findings, summarized in the previous section regarding the 'paragraph B' criteria." Tr. 28.  To the extent the ALJ rejected the opinions by simply referencing, without clear explanation, his earlier discussion of the paragraph B criteria, the ALJ erred as discussed above.  *See* Section A.1, *supra*.  However, in rejecting Dr. Zvilna's opinions, the ALJ also summarized evidence from the record indicating there was little to no evidence of depression or anxiety, and that Mr. Browne engaged in social activities.  *See* Tr. 28-29.  The ALJ thus concluded Mr. Browne could persist with at least simple tasks, could tolerate usual stressors and routine social contact, and that his depression, anxiety, and cognitive deficits did not preclude working.  *Id.*

Mr. Browne contends the ALJ's reasons for rejecting Dr. Zvilna's opinions were "overly broad and invalid," because Dr. Zvilna based his opinion on Mr. Brown's reported "history and symptoms," and a Mental Status Exam (MSE).  Dkt. 13 at 12-13 (citing Tr. 310-14).  But Mr. Browne's assertion fails to explain why the specific evidence cited by the ALJ did not contradict Dr. Zvilna's opinions.  *Id*.  Instead, Mr. Browne appears to argue the ALJ erred because the opinion was internally supported.[5]  The relevant inquiry in this case is not whether there is some evidence to support the doctor's opinion; rather, the question is whether there was substantial evidence to support the ALJ's decision.  In evaluating a medical opinion, an ALJ may consider consistency with the record as a whole.  *See* 20 C.F.R. § 416.927(c)(4); *see also Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004) (treating physician's opinion may be

---

[5] To the extent Mr. Browne argues otherwise, the argument is not clear.  Arguments that are unsupported by explanation may be deemed to be waived.  *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at *2 (unpublished opinion) (*citing Nw. Acceptance Corp. v. Lynnwood Equip., Inc*., 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue)).  Accordingly, the Court declines to speculate as to Mr. Browne's arguments or make any arguments for him.

REPORT AND RECOMMENDATION - 5

discounted when contradicted by other statements and assessments of the claimant's condition or when the opinion is unsupported by the record as a whole). That is what the ALJ did.

Although the reasons the ALJ gave to discount Dr. Zvilna's opinions were not error-free, any error in evaluating the medical opinions was inconsequential to the ultimate nondisability decision. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012). The Court finds that the ALJ's discussion of the evidence of record, indicating there was little to no evidence of depression or anxiety and that Mr. Browne engaged in social activities, adequately supports the ALJ's rejection of Dr. Zvilna's opinions. As Mr. Browne fails to demonstrate the ALJ erred in rejecting Dr. Zvilna's opinions on this basis, the Court recommends the ALJ's decision be affirmed.

### 3. *Bridget Cantrell, Ph.D., and Jack Aquirre, LMFT*

The ALJ also rejected November 20, 2012 opinions by Jack Aguirre, LMFT, and affirmed by Dr. Cantrell (hereinafter referred to as Dr. Cantrell's opinions), that stressors in Mr. Browne's life "created a psychologically debilitating bundle which proved to be too overwhelming," and his anxiety caused him to perform "only necessary functions." Tr. 29 (citing Tr. 570-71). Dr. Cantrell also found certain life circumstances "eventually led[] to a steady decline in work and social functioning," and opined Mr. Browne's "emotional vulnerability puts him at high risk for sustaining a job." Tr. 570-571. Dr. Cantrell diagnosed Mr. Browne with chronic and severe PTSD, recurrent Major Depression, Generalized Anxiety Disorder, and rule out Conversion Disorder, and assessed a General Assessment of Functioning score of 40. Tr. 570. The doctor opined Mr. Browne's diagnoses "may impede [Mr. Browne's] ability to be gainfully employed now or in the future." *Id.*

The ALJ rejected Dr. Cantrell's opinions because they were inconsistent with Mr. Browne's "work history, other activities, and longitudinal psychological records (summarized

earlier in regards to the 'paragraph B' criteria)." Tr. 29.  In addition, the ALJ cited portions of Mr. Browne's medical record indicating he was gainfully employed in 1996, 1998, and 1999, and worked full time in 2006 and 2007; he indicated his 2007 employment ended because "'he did not want it as a career'"; since 2007, Mr. Browne "consistently demonstrated cooperative behavior, normal speech, normal thought content, and appropriate judgment"; and since "commencing routine psychotherapy and securing stable housing in 2011, he has also consistently displayed euthymic mood, normal psychomotor activity, intact memory, and linear thought process."  Tr. 29-30.

Mr. Browne first contends the ALJ erred by rejecting Dr. Cantrell's opinions on the basis that there was only a single documented therapy session prior to the date of the opinion.  Dkt. 13 at 15 (citing Tr. 29 n. 3).  He argues that the record indicates treatment began in April 2012, and to the extent the record lacks treatment notes between April and November 2012, the ALJ had a duty to develop the record.  Dkt. 13 at 15 (citing Tr. 564, 666).  As the Commissioner correctly notes, there is no indication the ALJ rejected the opinion on this basis; the ALJ's observation was merely offered in a footnote without conclusion.  *See* Dkt. 14 at 6; *see also* Tr. 29 n. 3.

Mr. Browne next argues the ALJ erred in rejecting the opinions as inconsistent with Mr. Browne's work history, other activities, and longitudinal psychological record as summarized in the ALJ's discussion of the Part B criteria, because the reasoning was overly broad.  Dkt. 13 at 16.  For the same reasons the ALJ erred in referring generally to earlier discussions to discount Dr. Lind's and Dr. Zvilna's opinions, the ALJ also erred in discounting Dr. Cantrell's opinions. *See Embrey*, 849 F.2d at 421-22.  The Court declines to intuit the ALJ's specific reasons for rejecting Dr. Cantrell's opinions.

Finally, Mr. Browne contends the evidence cited by the ALJ suggesting he worked off

REPORT AND RECOMMENDATION - 7

and on until 2007 is consistent with Dr. Cantrell's opinions because the opinions reflect that a "number of life events had culminated in his decompensation and steady decline in work and social functioning." Dkt. 13 at 16. However, the argument does not address the ALJ's additional finding that since commencing routine psychotherapy and obtaining stable housing in 2011, Mr. Browne has demonstrated cooperative behavior, normal speech, normal thought content, appropriate judgment, euthymic mood, normal psychomotor activity, intact memory, and linear thought process. Tr. 29-30. As Mr. Browne fails to demonstrate the ALJ erred in rejecting Dr. Cantrell's opinions on this basis, the Court recommends the ALJ's decision be affirmed.

### B. The ALJ Erred at Step Five

Mr. Browne also argues the ALJ failed to show that he could perform other jobs in the national economy because the RFC/hypothetical posed to the Vocational Expert (VE) "did not accurately reflect Mr. Browne's limitations," and because the VE testified that a person who is off task 20% or more would not be employable. Dkt. 13 at 17. Because the Court finds the ALJ erred in rejecting Dr. Lind's opinions, the Court also finds the error was harmful because the opinions were not considered in crafting Mr. Browne's RFC, the hypothetical presented to the VE, and the remainder of the five-step evaluation process.

The Court notes that, *as part of his argument concerning Dr. Lind's opinions*, Mr. Browne also states, without explanation, that the "limitations were at odds with the ALJ's finding that Mr. Browne could, for the first time in years, learn and sustain full-time work as a hand packager or laundry worker," and that, [i]f work must be performed under special circumstances or with special supervision, it may not constitute substantial gainful activity. Dkt. 13 at 11-12 (citing 20 C.F.R. §§ 416.973, .974). Mr. Browne does not further develop the

REPORT AND RECOMMENDATION - 8

argument, and it is not presented as a challenge to the ALJ's finding at step-five.[6]  Without more, the Court declines to speculate or to make Mr. Browne's arguments for him.  *See Avila*, No. C07-1331, 2008 WL 4104300 at *2 (unpublished opinion) (*citing Nw. Acceptance Corp.*, 841 F.2d at 923-24 (party who presents no explanation in support of claim of error waives issue)).

On remand, after the ALJ reevaluates Dr. Lind's opinions, the ALJ shall also reevaluate steps four and five of the five-step evaluation process.

**C.   New Arguments on Reply**

In his reply, Mr. Browne argues it was improper for the Commissioner to rely on his past work in 2006 and 2007 in defending the ALJ's rejection of the medical opinion evidence for the following reasons: 1) it was improper for the ALJ to find Mr. Browne could no longer perform his past work but then use the past work as evidence to reject the medical opinions; 2) the past work falls outside the period spanning the date of his benefits application (January 24, 2012) to the date of the ALJ's decision (April 25, 2014); 3) the VE testified that no job in the Dictionary of Occupational Titles fully corresponded to the repetitive, routine and unskilled work Mr. Browne described doing; 4) the work did not constitute substantial gainful activity; and 5) the jobs of hand packager and laundry worker that the ALJ found Mr. Browne could perform at step five require more than those skills and abilities required of his past work.  Dkt. 15 at 1-4.

As a preliminary matter, the Court observes Mr. Browne has improperly raised these arguments for the first time on reply.  "Our circuit has repeatedly admonished . . . we will not consider any claims that were not actually argued in appellant's opening brief.  Rather, we

---

[6] Some of the same language is repeated in Mr. Browne's reply brief in support of an argument contending it was improper for the Commissioner to rely on Mr. Browne's past work in defending the ALJ's rejection of the medical opinion evidence.  Though Mr. Browne refers to the same regulations (20 C.F.R. §§ 416.973, .974), he cites the regulations in support of completely different arguments.  Accordingly, the Court addresses Mr. Browne's more detailed argument, raised in his reply, in Section C, *infra*.

REPORT AND RECOMMENDATION - 9

'review only issues which are argued specifically and distinctly in a party's opening brief.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal citations omitted). But even if the arguments had been timely raised, they must fail even before the Court gets to the merits. As discussed above, the ALJ gave valid reasons, aside from those related to Mr. Browne's work history, to reject Drs. Zvilna's and Cantrell's medical opinions. Accordingly, error committed in relying on his past work, if any, was harmless. *See Batson*, 359 F.3d at 1197.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the 2014 opinions of Dr. Lind, develop the record as necessary, and reevaluate steps four and five of the five-step evaluation process.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **May 12, 2016**. If no objections are filed, the Clerk shall note the matter for May 13, 2016, as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 28th day of April, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10